LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

BRENDA RUSCIGNO,

Plaintiff,

vs.

CITY OF REDDING; MIKE DIMATTEO; BRETT LEONARD; and DOES 1-10, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

1. Fourth Amendment-Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
2. Fourth Amendment-Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
3. Municipal Liability—Ratification (42 U.S.C. § 1983)

DEMAND FOR JURY TRIAL

## COMPLAINT FOR DAMAGES

1. Plaintiff BRENDA RUSCIGNO for her complaint against Defendants CITY OF REDDING, MIKE DIMATTEO, BRETT LEONARD and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the police shooting of Plaintiff, BRENDA RUSCIGNO, with multiple bean bag rounds then the subsequent use of a K-9 against her.

## PARTIES

3. At all relevant times, BRENDA RUSCIGNO ("PLAINTIFF") was an individual residing in County of Shasta, California.

4. At all relevant times, Defendant CITY OF REDDING ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants MIKE DIMATTEO, BRETT LEONARD AND DOES 1-5, who were CITY police officers, and DOES 6-10 who were supervisorial officers, managerial and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, MIKE DIMATTEO, BRETT LEONARD and DOES 1-10 were residents of County of Shasta, California. MIKE DIMATTEO, BRETT LEONARD and DOES 1-10 are sued in their individual capacity for damages only.

5. At all relevant times, Defendants MIKE DIMATTEO, BRETT LEONARD and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police

officers and with the complete authority and ratification of their principal, Defendant CITY.

6. At all relevant times, Defendants MIKE DIMATTEO, BRETT LEONARD and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants MIKE DIMATTEO, BRETT LEONARD and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

8. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

9. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Shasta, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13. On September 4, 2024, tear gas canisters were shot into PLAINTIFF's mobile home, escalating the situation and forcing her to exit out of her mobile home while she was attempting to remain inside of her home. PLAINTIFF was then subsequently shot with multiple bean bag rounds then a K-9 was deployed against her by MIKE DIMATTEO and BRETT LEONARD while she was in front of her mobile home at an RV park in the Campert Court neighborhood in the City of Redding, California. MIKE DIMATTEO and BRETT LEONARD who shot her with the bean bag rounds and deployed the K-9 against her are employees of the Redding Police Department ("RPD"). PLAINTIFF experience severe pain and suffering as a result of being struck by multiple bean bag rounds and being bitten by the K-9, including bruising, lacerations and a fractured pelvis.

14. PLAINTIFF was unarmed when she was struck by some of bean bag rounds and when the K-9 was deployed against her. Further, PLAINTIFF never physically injured anyone prior to being shot with the bean bag rounds and the K-9 deployment and she was not advancing towards the involved officers or anyone else at the time of the incident.

15. PLAINTIFF never attempted to stab or cut any of the involved officers during the incident and she never made any stabbing or slashing movements towards the officers.

16. PLAINTIFF did not attempt to flee from the involved officers during the incident.

17. PLAINTIFF was experiencing a mental health crisis at the time of the incident and it should have been apparent to a reasonable officer under similar circumstances that PLAINTIFF was experiencing a mental health crisis.

18. PLAINTIFF did not pose an immediate threat of death or serious bodily injury at the time of the incident and there were several available alternatives to shooting her with the bean bag rounds and deploying the K-9 against her, including additional commands and verbal warnings, a mental health professional could have been called to the scene to assist, the involved officers could have established a perimeter around her mobile home and a crisis negotiator could have been utilized.

19. After being shot by the bean bag rounds and being bitten by the K-9, PLAINTIFF was seriously injured and was bleeding profusely. Despite PLAINTIFF's obvious serious injuries, the involved RPD officers did not timely summons medical attention for PLAINTIFF.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants Mike DiMatteo, Brett Leonard and Does 1-10)

20. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. MIKE DIMATTEO and BRETT LEONARD's unjustified shooting of the bean bag rounds and deployment of the K-9 deprived PLAINTIFF of her right to be secure in her person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. MIKE DIMATTEO and BRETT LEONARD were acting within the course and scope of their employment with the RPD

at the time of the incident and were also acting under color of law at the time of the incident.

22. The unreasonable use of force by MIKE DIMATTEO and BRETT LEONARD deprived PLAINTIFF of her right to be secure in her person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23. As a result, PLAINTIFF suffered extreme pain and suffering, including bruises, lacerations and a fractured pelvis.

24. As a result of the conduct of MIKE DIMATTEO and BRETT LEONARD, they are liable for PLAINTIFF's injuries, either because they were an integral participants in the excessive force, or because they failed to intervene to prevent these violations.

25. PLAINTIFF was unarmed when she was struck by some of bean bag rounds and when the K-9 was deployed against her. Further, PLAINTIFF never physically injured anyone prior to being shot with the bean bag rounds and the K-9 deployment and she was not advancing towards the involved officers or anyone else at the time of the incident. Moreover, PLAINTIFF never attempted to stab or cut any of the involved officers during the incident and she never made any stabbing or slashing movements towards the officers. PLAINTIFF also did not attempt to flee from the involved officers during the incident.

26. PLAINTIFF was experiencing a mental health crisis at the time of the incident and it should have been apparent to a reasonable officer under similar circumstances that PLAINTIFF was experiencing a mental health crisis. Further, PLAINTIFF did not pose an immediate threat of death or serious bodily injury at the time of the incident and there were several available alternatives to shooting her with

the bean bag rounds and deploying the K-9 against her, including additional commands and verbal warnings, a mental health professional could have been called to the scene to assist, the involved officers could have established a perimeter around her mobile home and a crisis negotiator could have been utilized.

27. The conduct of MIKE DIMATTEO and BRETT LEONARD was willful, wanton, malicious and done with a reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages against them.

28. The excessive and unreasonable force used against PLAINTIFF deprived her of her right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. Accordingly, MIKE DIMATTEO and BRETT LEONARD each are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983.

30. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering and past and future emotional distress.

31. PLAINTIFF also seeks statutory attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants Mike DiMatteo, Brett Leonard and Does 1-10)

32. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. The denial of medical care by the involved RPD officers deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and

seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. As a result, PLAINTIFF suffered extreme mental and physical pain and suffering.

35. Defendants MIKE DIMATTEO, BRETT LEONARD and DOES 1-5 knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing PLAINTIFF great bodily harm.

36. After shooting PLAINTIFF with the less lethal and then deploying the K-9, MIKE DIMATTEO, BRETT LEONARD and DOES 1-5 did not timely summons medical attention for PLAINTIFF, who was bleeding profusely and had obvious serious injuries.

37. The conduct of Defendants MIKE DIMATTEO, BRETT LEONARD and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants MIKE DIMATTEO, BRETT LEONARD and Does 1-5.

38. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering and past and future emotional distress. PLAINTIFF is also seeking statutory attorney fees under this claim for relief.

## <u>THIRD CLAIM FOR RELIEF</u>

**Municipal Liability— Ratification (42 U.S.C. § 1983)**

(Against Defendants City Of Redding and Does 6-10)

39. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. MIKE DIMATTEO and BRETT LEONARD acted under color of law when they shot PLAINTIFF with bean bag rounds and deployed the K-9 against her. MIKE DIMATTEO and BRETT LEONARD's shooting of PLAINTIFF with bean bags rounds and the deployment of the K-9 was excessive and unreasonable because PLAINTIFF was experiencing a mental health crises, she was unarmed when some of the bean bag rounds were fired at her and when the K-9 was deployed against her, she was not advancing towards any of the involved officers or anyone else and she never physically injured anyone during the incident. Further, the acts of MIKE DIMATTEO and BRETT LEONARD deprived PLAINTIFF of her particular rights under the United States Constitution.

41. DOES 6-10 acted under color of state law. DOES 6-10 had final policymaking authority of Defendant CITY concerning the acts of MIKE DIMATTEO and BRETT LEONARD.

42. DOES 6-10 ratified the MIKE DIMATTEO and BRETT LEONARD's acts, that is DOES 6-10 knew of and specifically made a deliberate choice to approve MIKE DIMATTEO and BRETT LEONARD's acts and the basis for it.

43. PLAINTIFF is claiming past and future medical expenses, past and future pain and suffering and past and future emotional distress. PLAINTIFF is also seeking statutory attorney fees under this claim for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants City of Redding, Mike DiMatteo, Brett Leonard and Does 1-10, inclusive, as follows:

A. For general damages in the amount to be proven at trial;

B. For special damages according to proof; including past and future medical expenses and past and future pain and suffering and emotional distress;

C. For punitive damages in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and statutory attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: September 2, 2026

By /s/ *Dale K. Galipo*
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: September 2, 2026 LAW OFFICES OF DALE K. GALIPO

By /s/ *Dale K. Galipo*
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiff